HERMAN NASS, PLAINTIFF-APPELLANT, v. SAMUEL W. HARRIS, DEFENDANT-RESPONDENT.

Submitted October 30, 1936—Decided January 28, 1937.

For the appellant, *Harold Simandl.*

For the respondent, *Lum, Tamblyn & Fairlie (James Raymond Barry,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   This is the appeal of the plaintiff below from a judgment entered upon a verdict in favor of the defendant-respondent, Samuel W. Harris (hereinafter called the defendant), of no cause for action.

The evidence at the trial disclosed without substantial dispute the following matters of fact: The defendant was backing his automobile about noontime on a clear day, down a private driveway on the property where he lived, and when about ten feet from the sidewalk, struck and injured the plaintiff who was walking on the driveway toward the sidewalk. The building on the property was a two-family house and defendant lived on the second floor. The driveway was of concrete and ran in a straight line from the street to a garage in the rear. There was a fence along its entire length on the left-hand side as the car was being backed out. On the right-hand side was the house which had a side door opening on to the driveway. This driveway was used by tradesmen and others, who went in the side door. The defendant had arrived at his home for lunch, parked his automobile in the driveway near the garage, facing toward the garage; he stayed at lunch about half an hour and then came out to get in his car. In the meantime the plaintiff-appellant (hereinafter called the plaintiff) walked up the driveway to deliver an order and then started to walk out, at which time defendant's automobile was in the driveway. When the defendant came out the side door to back his car down the driveway he looked up and down the driveway and saw nothing. He got into his car from the right front side, slid across to the driver's seat, looked in the rear vision mirror and again saw nothing. He started his car, shifted into reverse, released the emergency brake and backed out with his head protruding out of the window of the left front door and looking toward the left and rear. Just as the car started the plaintiff came out of the side door. The car was going slightly faster than a person would walk. When the car had traveled approximately fifty feet, and the plaintiff had traveled approximately thirty-five feet, the automobile overtook plaintiff and struck him, knocking him down, approximately ten feet from the sidewalk. The defendant did not see the plaintiff and had no knowledge of his presence until after the collision. The plaintiff testified that he did not *remember* seeing the car as he went in and out of the driveway, although there was nothing to

obstruct his view, and that he did not hear the car, although the motor was running. The defendant testified that he gave no warning by horn.

The plaintiff submitted fourteen requests to charge and has filed twenty-three grounds of appeal.

Several of the grounds of appeal relate to the charge of the court, but they were not argued. They relate to the legal duty of the defendant under the circumstances. The reason why these grounds of appeal were not argued is not far to seek. Our examination of the charge discloses that the judge repeatedly and properly charged, in varying language, that the duty of the defendant was to use that degree of care that a reasonably prudent person would use in backing out of a driveway in the circumstances. That the judge thus correctly stated in general terms the law of the case is admitted by the plaintiff.

But there is running through the plaintiff's argument the contention that after stating the pertinent legal rule, the judge erred in not further elaborating it by applying it to any possible phases of the testimony, and that same contention is made in several grounds of appeal based upon the refusal of the judge to charge certain requests as drafted.

Now these contentions exhibit no cause for reversal. The rule is that the trial judge is not required to adopt either the form, or the words, or the collocation of phrases in which requests to charge are framed; and having stated the pertinent legal rule, he may or may not, in his discretion, further elaborate it by applying it to any possible phases of the testimony. *Runyon* v. *Monarch Accident Insurance Co.,* 108 *N. J. L.* 489; *Pavan* v. *Worthen & Aldrich Co.,* 80 *Id.* 567; *affirmed,* 82 *Id.* 615.

One ground of appeal complains of the refusal to charge a request that the jury might consider the fact that defendant blew no horn before backing his car.

We think that the judge did so charge in substance and effect. He directed the attention of the jury to the specific negligence claimed, to wit, failure to sound horn and failure to make effective observation, and then charged that the jury

must weigh the evidence in respect thereto, and if plaintiff had established to the satisfaction of the jury by the weight of the evidence that defendant was guilty of negligence which was the proximate cause of the accident, then the plaintiff should recover unless guilty of contributory negligence. That charge, taken in connection with the judge's general charge respecting the degree of care required of the defendant, amply complied with the request.

In this connection the plaintiff seems to argue that article 14, section 4 of the Traffic act of 1928, as amended by *Pamph. L.* 1933, *p.* 388, imposed an absolute duty on defendant to sound his horn in backing his automobile on his private driveway. But that is not so. That section applies to the operation of automobiles on a public highway, and not to an operation on a private driveway, as here. *Kerner* v. *Zerr,* 103 *N. J. L.* 424. In the instant case the defendant's duty was to use that degree of care that a reasonably prudent person would use under like or similar circumstances and conditions. The judge so charged.

Other grounds of appeal challenge the propriety of the submission of the question of contributory negligence to the jury, and of the refusal to charge certain requests upon that subject.

We think there was no error here. The question of contributory negligence, under the evidence, was for the jury and a compliance with the requests would have improperly withdrawn that question from them. It is true that the plaintiff testified that he did not see the car in the driveway, but there was sufficient evidence for the jury to infer that he did, or that reasonable and proper use of his powers of sight and hearing in the circumstances would have disclosed to him the presence of the car, and that nevertheless he carelessly and heedlessly walked into the path of the approaching car.

Other requests to charge were properly refused because they were either substantially covered, or were not pertinent to the issue. *Hintz* v. *Roberts,* 98 *N. J. L.* 768.

Finally, all other requests were properly refused because

they ignored and excluded from consideration of the jury competent and material evidence admitted at the trial. *Stiles v. MacLean,* 103 *N. J. L.* 537.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, BODINE, HETFIELD, DEAR, WELLS, WOLFSKEIL, COLE, JJ. 12.

*For reversal*—HEHER, PERSKIE, RAFFERTY, JJ. 3.